IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NAUMAQ GRABOCKA,<br><br>    Plaintiff,<br><br>    v.<br><br>TESLA MOTORS MA, INC.,<br><br>    Defendant. | CIVIL ACTION NO._____ |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Tesla Motors MA, Inc. ("Tesla"), by its attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-titled action, which is pending in the Superior Court for the Commonwealth of Massachusetts. In support of this Notice of Removal, Tesla states:

**Nature of the Action**

1. On May 17, 2022, Plaintiff Naumaq Grabocka ("Grabocka" or "Plaintiff") filed a Complaint and Jury Demand (the "Complaint") with the Clerk of the Superior Court of the Commonwealth of Massachusetts, titled Naumaq Grabocka v. Tesla Motors MA, Inc., Norfolk County Docket No. 2282cv0471 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446 and L.R., D. Mass. Rule 5.4(f), a true and correct copy of the Complaint and all other pleadings, orders, and other papers or exhibits of every kind in the State Court Action are attached as **Exhibit 1**.

2. In his Complaint, Plaintiff alleges that Tesla violated the federal Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, *et seq*. and the Massachusetts Paid Family and Medical Leave Act ("PFML"), M.G.L. c. 175M. (*See* Compl. pp. 1, 3)

3. Tesla was served with the Complaint on May 25, 2022.

4. Tesla has not filed any pleadings in the State Court Action prior to the date of this removal.

5. Because Tesla filed this Notice of Removal within 30 days of service, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

6. Venue is proper in this Court because this Court embraces Norfolk County in the Commonwealth of Massachusetts, the place where the State Court Action has been pending. 28 U.S.C. § 1441(a).

**Basis for Removal—Federal Question Jurisdiction**

7. Plaintiff alleges a violation of the FMLA, a federal statute. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a). *See* 28 U.S.C. § 1446(a) (notice of removal must contain "a short and plain statement of the grounds for removal"); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (recognizing that § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure and that "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading") (internal quotations and citations omitted).

8. A claim under the FMLA filed in state court is removable to federal court under 29 U.S.C. § 1441(a) as an action arising under federal law. *See, e.g.*, *Perez v. Brockton Neighborhood Health Ctr., Inc.*, No. 18-10284-MBB, 2019 U.S. Dist. LEXIS 3724 (D. Mass. Jan. 9, 2019).

9. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. This Court thus has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441.

11. Prompt written notice of this removal is being served on Plaintiff, and a copy is being filed with the Clerk of the Superior Court in the State Court Action. A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit 2**.

12. By filing this Notice of Removal, Tesla does not waive any defenses available at law, in equity, or otherwise. For example, and without limitation, by filing this Notice of Removal, Tesla does not waive its right to move to compel arbitration in accordance with the arbitration agreement between Plaintiff and Tesla (if Plaintiff refuses to submit his claims voluntarily to arbitration). Tesla reserves all defenses and rights.

## Conclusion

13. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331; therefore, this Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

14. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed under reasonable inquiry, certifies that Tesla's factual allegations have evidentiary support and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

DATED: June 14, 2022  Respectfully submitted,

TESLA MOTORS MA, INC.


By: */s/ Anthony S. Califano*
Anthony S. Califano (BBO # 661136)
Nicole C. Chomiak (BBO #638787)
SEYFARTH SHAW LLP
Seaport East, Suite 1200
Two Seaport Lane
Boston, MA 02210-2028
(T) (617) 946-4800
(F) (617) 946-4801
acalifano@seyfarth.com
nchomiak@seyfarth.com

*Attorneys for Defendant Tesla Motors MA, Inc.*

84160985v.8

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2022 a true and correct copy of the foregoing ***Defendant's Notice of Removal*** was filed with the Clerk using the CM/ECF filing system and served upon all counsel of record via the United States Postal Service, proper postage prepaid, and email:

Elizabeth Tully, Esq.
Kevin M. Kinne, Esq.
Cohen Kinne Valicenti & Cook LLP
28 North Street, 3rd Floor
Pittsfield, Massachusetts 01201

etully@cohenkinne.com
kkinne@cohenkinne.com

                                                    *s/ Anthony S. Califano*
                                                    Anthony S. Califano

                                                    *Attorneys for Defendant Tesla Motors MA, Inc.*